UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN DIONE AQUINO,

    Plaintiff,

v.                                          Case No.:  2:24-cv-746-SPC-KCD

JOSE J. RIVERO, DEPARTMENT
OF VETERAN AFFAIRS, DAVID
NAL and MARILYN MOLINA
AGUIRRE,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is pro se Plaintiff's "Motion for Injunctive Relief." (Doc. 2). Plaintiff styled the motion as a request for injunctive relief but requests "immediate" action by the Court. (Doc. 2 at 9). Plaintiff does not mention serving the defendants, and Plaintiff appears to desire an injunction without a hearing and without notice to the defendants. Accordingly, the Court construes this pro se motion as an emergency temporary restraining order (TRO). *See* Fed. R. Civ. P. 65(a). The Court denies the motion.

The grant of "a preliminary injunction in advance of trial is an extraordinary remedy." *E.g.*, *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). Along with the usual requirements for injunctive relief, a district court may issue an ex parte TRO,

>only if:
>
>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974).

There is "a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968). Even if the filing is otherwise proper, the circumstances that justify a no-notice TRO "are extremely limited." *E.g.*, *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

First, Plaintiff makes no argument why a ruling is required now before the defendants have a chance to appear and participate. In other words, he has not explained why notice "should not be required." *Id.* These requirements

"are not mere technicalities"; they "establish minimum due process" protections. *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-cv-20601-BLOOM/Louis, 2020 WL 733037, at *2 (S.D. Fla. Feb. 13, 2020) (internal citation omitted). Without any effort to show notice should not be required, the Court cannot grant an ex parte TRO. *E.g., Gardner v. Mutz*, No. 8:18-cv-2843-T-33JSS, 2018 WL 6061447, at *2 (M.D. Fla. Nov. 20, 2018).[1]

Second, Plaintiff never provided an affidavit or verified complaint in support of the Motion. The Rules require one of those sworn papers. Fed. R. Civ. P. 65(b)(1)(A). Courts can sometimes forgive technical failures to comply with Rule 65(b)(1)(A). 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2952 (3d ed. 2016). Yet there must be some indication the proponent of such extraordinary relief swears to the accuracy of the facts set out in support. *E.g., Crosby v. Florida*, No. 3:22-cv-67-MMH-LLL, 2022 WL 356105, at *1 & n.1 (M.D. Fla. Feb. 7, 2022); *see also* 28 U.S.C. § 1746. Since Plaintiff failed to do so, the Court must deny the TRO.

Third, Plaintiff neither identifies nor offers any bond as security. Courts cannot enter a TRO without considering necessary security. Fed. R. Civ. P. 65(c). Because Plaintiff made no effort to satisfy his burden in this regard, the

---

[1] Based on Plaintiff's "Order to Show Cause," it appears Plaintiff believes that the Court will provide the defendants with notice on Plaintiff's behalf. But this is not the case. And even though Plaintiff is pro se, pro se litigants must still comply with procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Court denies the Motion. *Taaffe v. Robinhood Markets, Inc.*, No. 8:20-cv-513-T-36SPF, 2020 WL 1531127, at *7 (M.D. Fla. Mar. 31, 2020) ("Rule 65(c) clearly places this burden on Plaintiff"); M.D. Fla. R. 6.01(a)(3) (A TRO "must include . . . a precise and verified explanation of the amount and form of the required security").

The Court construes this "Motion for Injunctive Relief" as a TRO, but if construed as a motion for preliminary injunction it still fails. Under Federal Rule of Civil Procedure 65(a), a court may issue a preliminary injunction "only on notice to the adverse party." As previously discussed, Plaintiff has not served the defendants. And of course, no preliminary injunction hearing has been held either. So for these reasons, Plaintiff's Motion for Injunctive Relief is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Injunctive Relief (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 20, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record