UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARREN AQUINO, suing as next friend,

    Plaintiff,

v.                                      Case No.:   2:24-cv-746-SPC-KCD

JOSE RIVERO, DEPARTMENT
OF VETERANS AFFAIRS, DAVID
NALS, MARILYN MOLINA,
DAVID POST and ANGELA J.
JONES,

    Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff Darren Aquino's Amended Complaint (Doc. 8) and Response to the Court's Show-Cause Order (Doc. 13). Aquino is the nephew of Fernando Guad, a veteran and beneficiary of certain VA benefits. Aquino sues on behalf of Guad for withheld payment of such benefits, and he claims he is the true fiduciary of such benefits. On that score, he brings disability discrimination claims under the ADA and Section 504 of the Rehabilitation Act against the Department of Veteran Affairs, as well as various state-law claims against the individual Defendants.

Previously, the Court directed Aquino to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. 12). This

is because Plaintiff's federal claims are based on the VA's purported failure to appoint him as the fiduciary of Guad's benefits, which is problematic because the Veterans Judicial Review Act ("VJRA") precludes judicial review of such claims in this court.[1] *See e.g., Simpson v. US Veterans Admin.*, 582 F. Supp. 3d 1120, 1125 (S.D. Ala. 2022), *aff'd sub nom. Simpson v. U.S. Veterans Admin.*, No. 22- 10636, 2022 WL 17247565 (11th Cir. Nov. 28, 2022) (stating that the VJRA precludes judicial review of actions challenging fiduciary appointments).

Plaintiff's Response is insufficient. In it, he never provides any explanation for why his federal claims fall outside the scope of the VJRA or why the VJRA is otherwise inapplicable. Instead, he states:

> Please let it be clear, that this court has misconstrued this case, the issue, and case at hand, is not about Mr. Aquino being assigned fiduciary. The issue is that Mr. Guad's benefits have been delayed for months, and that there has been no effective communication, by the VA, or by the court.

(Doc. 13 at 2). Indeed, the bulk of Aquino's case is as he describes. But this view forms the basis of his state-law claims. The fact remains that his federal claims, as alleged in the Amended Complaint, unambiguously seek recourse for the VA's purported failure to appoint him as the fiduciary of Gaud's benefits.

---

[1] Aquino invokes the Court's federal-question jurisdiction under 28 U.S.C. § 1331.

In his ADA claim, Aquino alleges "the reasonable accommodation required was the appointment of Darren Aquino as his fiduciary" and that "the VA failed to accommodate Fernando's request, opting instead to appoint an external fiduciary." (Doc. 8 ¶¶ 132, 133). As for his Section 504 claim, he alleges "the imposition of an external fiduciary without proper justification . . . represent[s] [a] clear violation[] of Section 504." (Doc. 8 ¶ 144). There is no mistaking Aquino's grievance under the ADA and Section 504—that the VA did not appoint him fiduciary. And, as discussed above and in the Show Cause Order (Doc. 12), judicial review in this Court for such a challenge is impermissible. So the Court lacks jurisdiction over Aquino's federal claims, and they must be dismissed.[2]

Because the Court lacks jurisdiction over the federal claims, Aquino's state claims must also be dismissed. *See Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) (explaining that "once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims").

Accordingly, it is now

**ORDERED:**

---

[2] Plaintiff also claims in the Amended Complaint that the Court has jurisdiction under 28 U.S.C. § 1346(b)—the Federal Tort Claims Act—because the VA is a defendant. (Doc. 8 at 8). The Court explained to Aquino that this is not a proper jurisdictional hook. (Doc. 12 at 3-4). Aquino never addressed this in his Response.

1. This action is **DISMISSED** for lack of subject-matter jurisdiction.

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 4, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4